1 MICHAEL J. IOANNOU (SBN 95208)
  mioannou@rmkb.com
2 LITA M. VERRIER (SBN 181183)
  lverrier@rmkb.com
3 ROPERS, MAJESKI, KOHN & BENTLEY
  50 W. San Fernando Street, Suite 1400
4 San Jose, CA  95113-2429
  Telephone:  (408) 287-6262
5 Facsimile:  (408) 918-4501

6 Attorneys for Plaintiff
  MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD QUINTANA, individually, and doing business as MY-iBUTTON, LLC; MY-iBUTTON, LLC, a Limited Liability Company,<br><br>Defendants. | CASE NO.  C09-00514 JW (PVT)<br><br>**[PROPOSED] ORDER ON PLAINTIFF MAXIM INTEGRATED PRODUCTS, INC.'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: July 6, 2009<br>Time: 9:00 a.m.<br>Judge:  The Honorable James Ware |

The motion of Plaintiff Maxim Integrated Products, Inc., for Preliminary Injunction against Defendants RICHARD QUINTANA and MY-iBUTTON, LLC, came on regularly for hearing before the undersigned on July 6, 2009.  The parties were represented by their counsel of record.

After considering the papers filed in support of and in opposition to the motion, and oral argument presented by counsel at the hearing on the motion, and such other matters presented to the Court, and for good cause shown,

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.

2. This Court has personal jurisdiction over Defendants by virtue of their California citizenship and tortious acts within this Judicial District.

3. Maxim owns four Federal Trademark Registrations for the mark iButton and IBUTTON.

4. Defendants have used the mark My-iButton and www.my-ibutton.com as part of their domain names on the Internet and on the Internet for sales of their product.

5. Plaintiff Maxim has demonstrated a sufficient (i) likelihood of success on the merits of its trademark infringement, (ii) irreparable harm if it is not granted a preliminary injunction and (iii) the balance of hardships tipping in its favor, good cause for the issuance of a Preliminary Injunction Order as more particularly described herein.

IT IS THEREFORE FURTHER ORDERED that:

A. Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by, through or under them having notice of this Order by personal service, electronic mail, or otherwise, and each of them, shall be immediately preliminarily enjoined during the pendency of this action, from: using the mark "My-iButton," "MY-IBUTTON," any other variations thereof, and any other advertising confusingly similar to Maxim's federally registered and incontestable marks "iButton" and "IBUTTON" (1) in connection with Defendants' sales of portable or mobile electronic devices or "gizmos" with video and memory capabilities; (2) in any print, broadcast, direct marketing, out-of-home advertising, Internet advertising, or other advertising or marketing media related to Defendants' sales, marketing and advertising of said products; and (3) that Defendants remove any and all advertising, videos, Internet Web sites or other reviews involved with or mentioning My-iButton.

B.  Defendants shall file with the Court and serve upon Plaintiff's counsel within thirty (30) days of the entry of such Order of Preliminary Injunction an affidavit or declaration attesting to and detailing Defendants' compliance.

Dated:_____

_____
THE HONORABLE JAMES WARE
United States District Court, Northern District of California