MICHAEL J. IOANNOU (SBN 95208)
    mioannou@rmkb.com
LITA M. VERRIER (SBN 181183)
    lverrier@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
50 W. San Fernando Street, Suite 1400
San Jose, CA 95113-2429
Telephone: (408) 287-6262
Facsimile: (408) 918-4501

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

*IT IS SO ORDERED AS MODIFIED*
*[signature] Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD QUINTANA, individually, and doing business as MY-iBUTTON, LLC; MY-iBUTTON, LLC, a Limited Liability Company,<br><br>Defendants. | CASE NO. C09-00514 JW (PVT)<br><br>**JUDGMENT AND ORDER FOR PERMANENT INJUNCTION BY AGREEMENT**<br><br>Judge: The Honorable James Ware |

Based on the stipulation of the parties hereto, it is hereby agreed that:

1. Plaintiff Maxim Integrated Products, Inc. (hereinafter "Maxim") is the owner and developer of numerous innovative, electronic high-tech products and product lines for which the intellectual property rights are protected by Maxim in all relevant arenas including, but not limited to, patent, copyright, trademark, and trade secret. One such line of products is Maxim's iButton line (hereinafter "iButton" or "IBUTTON"). Maxim's iButton is a computer chip enclosed in a 16mm-thick stainless steel can. Products bearing Maxim's iButton and IBUTTON marks are advertised, distributed, and sold throughout the United States, as well as in countries all

over the world. In addition, Maxim's iButton products and trademarks are prominently featured on Maxim's website at www.Maxim-ic.com.

2. On October 3, 1997, Maxim (through Dallas Semiconductor which Maxim acquired in 2001) applied for federal trademark registration for the word and design "iButton" in the field of semiconductor and integrated circuit units, electronic data carriers, microcomputers and microprocessors in International Class 9, which is for electrical and scientific apparatus. On August 28, 2001, Maxim was granted federal trademark registration number 2482685. On the same date, Maxim also applied for and was granted federal trademark registration number 2478289 for design plus word mark iButton for use in the category of metal containers, namely, for enclosing semiconductor and integrated circuit devices, microprocessors and/or microcomputers. Maxim also applied for and was granted the federal registration for the word mark IBUTTON (without a particular design) for use in metal containers, federal registration number 2388024, as well as for the word mark for use with semiconductor and integrated circuit units, electronic data carriers, microcomputers and microprocessors. That federal registration number is 2388023. Both were filed for on April 9, 1996 and granted on September 19, 2000.

3. Maxim's trademark registrations as set forth above are strong and valid. By virtue of the wide renown established by the IBUTTON trademark, coupled with the wide geographic distribution, extensive advertising and promotional efforts, and extensive sales of iButton products, IBUTTON trademark registrations have developed secondary meaning and significance in the minds of the semiconductor market.

4. On February 4, 2009, Maxim filed a Complaint against Richard Quintana and My-iButton, LLC (hereinafter collectively "Defendants") for federal trademark infringement; federal unfair competition; federal trademark dilution; California unfair competition; California trademark dilution; California false advertising; and state declaratory relief, based on Defendants' use of the name and mark IBUTTON.

5. The Court has jurisdiction over the parties and subject matter of this action, and venue is properly with the Court.

6. The parties have waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and this Stipulated Judgment and Order for Permanent Injunction by Agreement makes no such findings.

7. The parties have entered into a separate written Settlement Agreement. The parties desire to compromise their dispute and settle this lawsuit and stipulate and consent to the entry of this Stipulated Judgment and Order for Permanent Injunction by Agreement

8. This Stipulated Judgment hereby permanently enjoins Defendants, together with all of their officers, agents, servants, employees, representatives, attorneys and assigns and all other persons, firms, or companies in active concert or participation with them, from using (directly or indirectly) the mark "My-iButton," "MY-IBUTTON," and any other variations thereof thereon anywhere in the world, including the United States. It requires Defendants to cease the manufacture, distribution or sale of any and all products bearing the mark "My-iButton" in the United States, as well as the entire world, including the cancellation of any orders in progress, including, but not limited to, China and provide written confirmation of such to counsel for Plaintiff within thirty (30) days. Defendants are further enjoined from using any names containing "iButton" or any phonetic variations thereon in any business activity, including, but not limited to, labeling of products, letterhead, signs, Internet reviews, marketing and advertising for products or services anywhere in the world, including the United States. Further, Defendants shall remove any and all advertising, videos, Internet websites or other reviews within their control involved with or mentioning "My-iButton."

9. The undertaking posted by Plaintiff is hereby returned to Maxim due to the Stipulated Permanent Injunction.

///
///
///
///
///
///

| | |
|---|---|
| Dated: July 31, 2009 | ROPERS, MAJESKI, KOHN & BENTLEY<br><br>By: _____<br>MICHAEL J. IOANNOU<br>LITA M. VERRIER<br>Attorneys for Plaintiff<br>MAXIM INTEGRATED PRODUCTS, INC. |
| Dated: July 31, 2009 | THE MORALES LAW FIRM<br><br>By: _____<br>DAVID MORALES<br>Attorney for Defendants RICHARD QUINTANA and MY-iBUTTON, LLC |

## ORDER

Pursuant to stipulation of the parties, **IT IS ORDERED** that:

1. Defendants, their predecessors, successors, assigns, heirs, personal representatives and all other agents, affiliates or related entities, are permanently enjoined from all use, both domestically and internationally, of the mark MY-IBUTTON, My-iButton and any "iButton"-based names or phonetic variations thereon, on or in conjunction with any future products or the advertising of any products in connection with (a) Defendants' sale of portable or mobile electronic devices or "gizmos" with video and memory capabilities, (b) in any print, broadcast, direct marketing, out-of-home advertising, Internet advertising, or other advertising or marketing media related to Defendants' sales, marketing and advertising said products and (c) in any business activity, including, but not limited to, labeling of products, marketing and advertising for products or services anywhere in the world, including the United States.

2. Defendants shall not apply for any trademark registrations for any "iButton"-based mark or phonetic variations thereon anywhere in the world, including the United States, at any time in the future.

3.    Defendants shall cease the manufacture, distribution or sale of any and all "My-iButton" marked or denoted products in the United States, as well as the entire world, including the cancellation of any orders in progress, including, but not limited to, China, and provide written confirmation of such to counsel for Maxim within thirty (30) days of entry of this Order.

4.    Defendants shall not directly or indirectly own, use, obtain the benefits from, or encourage the use of any website with the mark "My-iButton" or any "ibutton"-based name or phonetic variations thereon at any time in the future.

5.    Defendants shall remove any and all advertising, videos, Internet websites or other reviews within their control involved with or mentioning "My-iButton."

6.    This action shall be dismissed in its entirety with prejudice, except that this Court shall retain jurisdiction over this Stipulated Judgment and Order for Permanent Injunction by Agreement, corresponding Settlement Agreement, exhibits thereto, and the compliance therewith, for a period of five (5) years to enforce the Permanent Injunction. Enforcement of said Stipulated Judgment and Order for Permanent Injunction by Agreement shall be governed by the terms of the Settlement Agreement.

Dated: August 11, 2009

_____
JAMES WARE
United States District Judge